IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YVONNE KIRKLAND, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 15-00046-N |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on the motion for fees under 42 U.S.C. § 406(b) (Doc. 27) filed by William T. Coplin, Jr., Esq., counsel of record for Plaintiff Yvonne Kirkland.[2] The Defendant Commissioner of Social Security ("the Commissioner") has filed no response to the motion, and the deadline to do so has expired.[3] (*See* Doc. 28). Upon consideration, the Court finds that Coplin's § 406(b) motion (Doc. 27) is due to be **GRANTED**.[4]

---

[1] On Kirkland's notice (*see* Doc. 27 at 1), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Acting Commissioner of Social Security under Federal Rule of Civil Procedure 25(d).

[2] A Social Security claimant's attorney is the real party in interest to a § 406(b) award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

[3] "[T]he Commissioner of Social Security…has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

[4] With the consent of the parties, the Court designated the undersigned

# I. *Background*

Kirkland, at all times represented by Coplin, commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of an unfavorable final decision of the Commissioner denying her applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* In accordance with the Court's scheduling order (Doc. 5), the Commissioner filed her answer (Doc. 12) to the complaint and the record of the administrative proceedings (Doc. 13); Kirkland filed her fact sheet and brief identifying errors in the Commissioner's final decision (Docs. 14, 15); and the Commissioner filed her brief responding to Kirkland's claims of error (Doc. 16). After the parties jointly waived the opportunity for oral argument (*see* Docs. 18, 21), the Court reversed and remanded the Commissioner's final decision under sentence four of 42 U.S.C. § 405(g) (applicable to SSI claims under § 1383(c)(3)) for further proceedings. (Docs. 22, 23). Kirkland subsequently filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)[5] (Doc. 24), which

---

Magistrate Judge to conduct all proceedings in this civil action in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 19, 20).

[5]

[S]uccessful Social Security benefits claimants may request a fee award

the Court granted in part and denied in part, awarding Kirkland $1,726.09 in EAJA attorney's fees. (Doc. 26).

Following remand to the Social Security Administration ("SSA"), an Administrative Law Judge ("ALJ") issued a favorable decision for Kirkland on her DIB and SSI applications. (*See* Doc. 27-2). A notice of award of past-due benefits in the amount of $49,553.00 was issued March 11, 2018, with the notation that $12,388.25 was being withheld "to pay [Kirkland's] representative." (Doc. 27-3). Coplin filed the present § 406(b) motion on March 19, 2018.

## II. *Analysis*

[U]nder 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Assuming that the requested fee is within the 25 percent limit, the court must then determine whether "the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). For example, courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the

---

under the EAJA. Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 796, 122 S. Ct. at 1822; *Reeves v. Astrue*, 526 F.3d 732, 736 (11th Cir. 2008). Unlike § 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds.

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

amount of time the attorney spent on the case. *Id.* at 808, 122 S. Ct. at 1828. A § 406(b) fee is paid by the claimant out of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A).

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).[6] "42 U.S.C. § 406(b) authorizes an award of attorney's fees where[, as here,] the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).

### a. Timeliness

Federal Rule of Civil Procedure 54(d)(2), which "applies to a § 406(b) attorney's fee claim[,]" *id.*, provides that, "[u]nless a statute or a court order provides otherwise, [a] motion[ for attorney's fees] must be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2). In ordering remand in this action, the Court granted "Kirkland's counsel an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty days after receipt of a notice of award of benefits from the Social Security Administration." (Doc. 22 at 25). Because Coplin's § 406(b)

---

[6] "Under 42 U.S.C. § 406(b)(2), it is a criminal offense for an attorney to collect fees in excess of those allowed by the court." *Jackson*, 601 F.3d at 1271. *See also Gisbrecht,* 535 U.S. at 795-96 ("The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense. §§ 406(a)(5), (b)(2) (1994 ed.); 20 CFR §§ 404.1740–1799 (2001).").

motion was filed within 30 days of the date of Kirkland's notice of award, the motion is timely.

### b. Reasonableness

> In *Gisbrecht v. Barnhart,* the Supreme Court considered 42 U.S.C. § 406(b) and clarified its impact on the district court's role in awarding a reasonable fee following a favorable claim for Social Security benefits. *See* 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). Although § 406(b)(1)(A) gives district courts the power to "determine and allow as part of its judgment a reasonable fee" following a favorable claim for Social Security benefits, 42 U.S.C. § 406(b)(1)(A), it does not empower them to ignore the fee agreements entered into by parties when determining what a reasonable fee would be, *see Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828 (concluding that " § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set"). Instead, courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances. *Id.* Accordingly, [a court] must look to the fee agreement made by [a claimant] and his attorney.

*Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014).

Section 406(b)(1)(A) "prohibits fee agreements from providing for a fee 'in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.' " *Id.* at 1285 (quoting 42 U.S.C. § 406(b)(1)(A)). However, "the agreement, not the statute, provides the 'primary means by which fees are set.' " *Id.* (quoting *Gisbrecht*, 535 U.S. at 807). In retaining Coplin, Kirkland entered into an attorney fee agreement (Doc. 27-1), which provides, in relevant part, as follows: "We agree that if SSA favorably decides my claim…at the ALJ hearing level after a decision by the Appeals Council or Federal Court…, I will pay my attorney a fee equal to 25% of all past-due benefits in my Social Security and/or

SSI disability claims, regardless of the $6,000.00 limit."

The Court finds no reason to believe that this fee agreement violates § 406(b)(1)(A). However,

> [*Gisbrecht* further] explained that even when a contingency agreement complies with the statutory limit and caps the fee at 25 percent of the claimant's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." [535 U.S.] at 807, 122 S. Ct. at 1828.
>
> Even when there is a valid contingency fee agreement, *Gisbrecht* sets forth certain principles that a district court should apply to determine if the attorney's fee to be awarded under § 406(b) is reasonable. *See id.* at 808, 122 S. Ct. at 1828. Under *Gisbrecht* the attorney for the successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. *Id.,* 122 S. Ct. at 1828. The district court may reduce the fee based on the character of the representation and the results achieved; and if the recovered benefits are large in comparison to the time the claimant's attorney invested in the case, a downward adjustment may be in order. *Id.,* 122 S. Ct. at 1828. The *Gisbrecht* Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling [of 25 percent of the claimant's recovered benefits]; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09, 122 S. Ct. at 1829.

*Thomas v. Astrue*, 359 F. App'x 968, 974-75 (11th Cir. 2010) (per curiam) (unpublished) (footnote omitted).

The past-due benefits notice issued to Kirkland represents that $12,388.25 of the $49,553.00 awarded in past-due benefits (i.e. 25%) was being withheld "to pay [Kirkland's] representative[,]" (Doc. 27-3), and Coplin does not challenge that amount. Coplin further represents that he has petitioned the SSA for approval

of a $6,000.00 fee for his services in representing Kirkland there. *See* (Doc. 27 at 1); 42 U.S.C. § 406(a)(1) ("Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim."). Though there is no indication in the record that this administrative fee petition has been approved, Coplin has chosen to reduce the 25% contingency fee by that amount for his § 406(b) fee request.[7]

Thus, the Court's duty now is to determine whether it is reasonable for

---

[7] Under this Circuit's precedent, "the 25% limit from § 406(b) applies to total fees awarded under both § 406(a) and (b), 'preclud[ing] the <u>aggregate</u> allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant.'" *Wood v. Comm'r of Soc. Sec.*, 861 F.3d 1197, 1205 (11th Cir. 2017) (quoting *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970) (emphasis added)). *See also Thomas*, 359 F. App'x at 971 ("The Commissioner ultimately awarded Thomas $63,703.36 in total past-due social security benefits and set aside 25 percent of that award ($15,925.84) for attorney's fees. The attorney who represented Thomas during the administrative proceedings was awarded $5,300 in fees under § 406(a), leaving a balance of $10,625.84 for attorney's fees available under § 406(b)."). While the United States Supreme Court has granted certiorari review of *Wood* to resolve a circuit split on that issue, *see Culbertson v. Berryhill*, 138 S. Ct. 2025 (2018), *Dawson* and *Wood* remain binding precedent unless and until abrogated by the Supreme Court because "grants of certiorari do not themselves change the law…" *Schwab v. Sec'y, Dep't of Corr.*, 507 F.3d 1297, 1298 (11th Cir. 2007) (per curiam).

Coplin to receive $6,388.25 (i.e., $12,388.25 - $6,000.00) under § 406(b) for his services to Kirkland in this Court under their contingency fee agreement. Considering the amount of time Coplin devoted to this case and the services performed (*see* Doc. 27-6),[8] the Court finds that the benefits awarded to Kirkland are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is…in order." *Gisbrecht*, 535 U.S. at 808. By all accounts, Coplin appears to have obtained excellent results for his client through his efforts, and a review of the docket for this action does not indicate that Coplin has been responsible for any significant delay. Having considered the guidance set forth in *Gisbrecht*, the undersigned finds that it is reasonable for Coplin to receive $6,388.25 under § 406(b).

"[A]n attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client…" *Jackson*, 601 F.3d at 1274. "Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision,…a refund is[ not] the only way to comply…[T]he attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request…" *Id.* at 1274. Coplin has chosen the latter option to effectuate the

---

[8] As it did when awarding EAJA fees, the Court discounts the hour purportedly spent for "Review of Order to amend pauperis petition; letter to client" and "Preparation of amended pauperis petition; e-filing of same" because "[n]o such order was entered in this action, nor was an 'amended pauperis petition' filed." (Doc. 26 at 5).

refund. Accordingly, the Court will reduce the amount of the § 406(b) fee awarded from Kirkland's recovered past-due benefits to $4,662.16 (i.e., $6,388.25 - $1,726.09).

### III. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that Coplin's motion for fees under 42 U.S.C. § 406(b) (Doc. 27) is **GRANTED** and that Coplin is awarded a reasonable fee under § 406(b) in the sum of **$6,388.25**, consisting of **$1,726.09** in the EAJA attorney's fees previously awarded to Kirkland and paid to Coplin, and **$4,662.16** to be paid from Kirkland's recovered past-due benefits.[9]

**DONE** and **ORDERED** this the 17th day of July 2018.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[9] Unless a party requests one, no separate judgment regarding attorney's fees shall be forthcoming. *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).